SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE M. HERMANN, OSB #126353**
Assistant United States Attorney
Nicole.Hermann@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:25-cr-00474-AB |
| v. | |
| **CHRISTOHPER GRIFFIN,** | **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A JURY TRIAL** |
| **Defendant.** | |

BACKGROUND

Defendant has been charged by Information with three counts: (1) Failing to Obey a Lawful Order under 41 C.F.R. § 102-74.385; (2) Obstructing Federal Property under 6 C.F.R. § 139.35(d); and (3) Trespassing on Federal Property under 6 C.F.R. § 139.35(i). These are class C misdemeanors that each carry with them a maximum penalty of 30 days' imprisonment and a $5,000 fine. 41 C.F.R. § 102-74.450; 18 U.S.C. § 19; 18 U.S.C. § 3559(a)(8); 40 U.S.C. § 1315(c)(2). The charges stem from three separate instances during which defendant refused to leave the driveway or other areas of the property of the Immigration and Customs Enforcement (ICE) Building in Portland, Oregon after being ordered by federal authorities to do so.

DISCUSSION

**I.    Defendant does not have a Sixth Amendment right to a jury trial because he has been charged with petty offenses.**

Long-established Supreme Court precedent holds that a petty offense "is not subject to the Sixth Amendment jury trial provision." *Duncan v. Louisiana*, 391 U.S. 145, 169 (1968); *see also* Fed. R. Crim. P. 58(b)(2)(F).  "[T]o determine whether an offense is petty, [courts] consider the maximum penalty attached to the offense." *Lewis v. United States,* 518 U.S. 322, 326 (1996). "An offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious." *Id.* This presumption is "very strong," *United States v. Ballek*, 170 F.3d 871, 876 (9th Cir. 1999), and it would be a "rare situation where a legislature packs an offense it deems 'serious' with onerous penalties that nonetheless 'do not puncture the 6–month incarceration line.'" *Blanton v. City of N. Las Vegas, Nev.*, 489 U.S. 538, 543 (1989). Even where the defendant is charged with multiple petty offenses that make the aggregate exposure twelve months, the Supreme Court rejected a demand for a jury trial. *Lewis*, 518 U.S. at 326–27.

Applying this standard, the Supreme Court has held that a Nevada DUII statute imposing a mandatory minimum term of imprisonment, a license suspension, a $1,000 fine, community service, an alcohol abuse education course, and a maximum term of six months in custody did not constitute a "serious" offense under the Sixth Amendment. *Blanton*, 489 U.S. at 543. Likewise, the Ninth Circuit has held that the presumption of a petty offense is not overcome when the legislature adds to the jail sentence a $25,000 fine, *United States v. Clavette*, 135 F.3d 1308, 1310–11 (9th Cir. 1998), $50,000 worth of restitution, *Ballek*, 170 F.3d at 876, or five

**Response in Opposition to Defendant's Motion for Jury Trial**
Page 2

years' probation, *United States v. Wallen*, 874 F.3d 620, 626 (9th Cir. 2017). A magistrate judge in this District has held that even the lifetime firearms restriction in 18 U.S.C. § 922(g) does not "transform assault under § 113(a)(4) from a petty crime to a serious one." *United States v. Snow*, No. 11-0149-SU, 2011 WL 5025535, at *3 (D. Or. Oct. 21, 2011).

In fact, judges in this District have repeatedly denied motions for jury trials in cases with charges very similar to defendant. For example, in *United States v. Cruscial*, No. 3:18-cr-00465-JR, 2019 WL 1087150 (D. Or. Mar. 7, 2019), the defendants were charged with violating 41 C.F.R. §§ 102-74.385 (Failing to Obey a Lawful Order, the same as Count One in this case) and 102-74.390 (Creating a Disturbance). The arrests stemmed from incidents during a protest at the ICE facility in South Portland at a time when other protests were happening across the country—the same local and national backdrop as the events surrounding defendant's arrests in this case. In *Cruscial*, defense counsel also sought a jury trial due to "public interest" and "press coverage." In denying the motion for a jury trial, U.S. Magistrate Judge Russo noted that "federal misdemeanor citations issued to protestors are common" and "permitting a jury trial for a petty offense predominantly based on the likelihood of local media attention is neither practicable nor consistent with notions of fundamental fairness." *Id.* at *6, 7.

Similarly, just a few weeks ago, Judge Russo again denied a motion for a jury trial involving charges stemming from protests outside the ICE facility. *United States v. Pearl*, No. 3:25-CR-00280-JR, 2026 WL 353358, at *2–3 (D. Or. Feb. 9, 2026). In *Pearl*, the defendant similarly was charged with more than one incident, though the facts were even more aggressive than here—the defendant there not only disobeyed orders to clear the driveway, but also interfered with the arrest of another protester, grabbing the protester and "attempting to prevent

their arrest." *Id.* at 1. The events in *Pearl* occurred only a few months prior to the facts alleged in this case, during the same ongoing period of local and national protest movement(s). In *Pearl*, Judge Russo applied the law in a straightforward way, holding that "[i]n the absence of lengthy probation periods, excessive fines or forfeiture of substantial property, defendant fails to show extenuating circumstances that would trigger a jury trial." *Id.* at 3.

The court's analysis in *Pearl* and *Cruscial* applies equally here. It is undisputed that defendant is charged with three Class C misdemeanors that each carry a maximum penalty of 30 days' imprisonment and up to a $5,000 fine. *See* 41 C.F.R. § 102-74.450; 18 U.S.C. § 19; 18 U.S.C. § 3559(a)(8) ; 40 U.S.C. § 1315(c)(2). Defendant's charges are therefore presumptively petty offenses and his maximum penalties are equal to the penalties faced by the defendants in *Cruscial* and *Pearl*, while notably well-short of the penalties faced by the defendants in *Clavette* ($25,000 fine), *Blanton* (mandatory minimum jail sentence, license suspension, $1,000 fine, and community service), *Ballek* (over $50,000 in restitution), and *Wallen* (five years' probation). As such, Defendant cannot overcome the presumption that his charges are petty offenses and the Sixth Amendment right to a jury trial does not attach.

Defendant does not even attempt to argue that defendant's charges are not petty offenses based on the maximum penalties. Instead, defendant argues a Sixth Amendment right to a jury trial because Congress "delegated its authority to *define* the [charged] offense" to the executive branch and, in defendant's opinion, the executive branch views the offense as serious. ECF 19 at 9–12 (emphasis in original). But the Supreme Court rejected an argument almost identical to this in *United States v. Nachtigal*, 507 U.S. 1 (1993). There, the circuit court had "refused to apply the *Blanton* presumption, reasoning that the Secretary of the Interior, and not Congress,

ultimately determined the maximum prison term." *Id.* at 4. The Supreme Court overturned the circuit court, explaining:

> But there *is* a controlling legislative determination present within the regulatory scheme. In 16 U.S.C. § 3, Congress set six months as the maximum penalty the Secretary could impose for a violation of any of his regulations. The Court of Appeals offered no persuasive reason why this congressional determination is stripped of its "legislative" character merely because the Secretary has final authority to decide, within the limits given by Congress, what the maximum prison sentence will be for a violation of a given regulation.

*Id.* (emphasis in original). Indeed, courts have time and again reemphasized that it is the *legislature's* view of the offense's seriousness, "primarily as expressed in the maximum authorized term of imprisonment," that matters. *Lewis*, 518 U.S. at 326; *Blanton*, 489 U.S. at 541–42 ("The judiciary should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task, and [is] likewise more responsive to changes in attitude and more amenable to the recognition and correction of their misperceptions in this respect."); *see also Clavette*, 135 F.3d at 1310 ("the Court looks only to the legislature's determination of the seriousness of the crime"). Congress here set the maximum penalties for defendant's offenses at 30 days' imprisonment and a $5,000 fine. That is all the Court is permitted to consider.

It likewise does not matter that the executive "defined" the offense. The Supreme Court has expressly rejected a focus on the "nature of the offense," reasoning that the maximum jail term presents more "objective indications of the seriousness with which society regards the offense." *Blanton*, 489 U.S. at 541. Defendant's focus on the definition of the offense and the executive's view of its seriousness, rather than the legislatively determined maximum penalty, is misplaced.

**Response in Opposition to Defendant's Motion for Jury Trial**

In sum, this case does not trigger the Sixth Amendment jury trial right because defendants' charges are presumptively petty offenses and defendant has done nothing to overcome that presumption.

## II. The Court should not exercise discretion to order a jury trial in this ordinary misdemeanor case.

Defendant argues that, even if defendant does not have the *right* to a jury trial, the Court should nevertheless exercise its discretion to order one anyway to "protect and affirm their core constitutional guarantees." ECF 19 at 14. Defendant points to unrelated civil litigation over the mobilization of the national guard as evidence of "government overreach," urging the court to order a jury trial as a "robust protection[] for citizens being prosecuted for offenses arising from potentially constitutionally protected activity." ECF 19 at 13-14. Assuming the court has authority to order a jury trial for petty offenses,[1] this is not the type of case that warrants a divergence from the well-established practice of conducting bench trials for petty offenses.

While the Government could find no binding precedent regarding what factors courts should consider when deciding whether to order a jury trial as a matter of discretion, several courts have written on the matter. Most notably, in *Cruscial,* Judge Russo declined to exercise discretion to order a jury trial despite the defendants' claims that their case presented a "matter of public interest." *Cruscial*, 2019 WL 1087150, at *6–7. There, the defendants had been charged under 41 C.F.R. § 102-74.390 and 41 C.F.R. § 102-74.385 for disobeying orders to stop blocking the entrances to the ICE building in Portland. *Id.* at *1. Declining to order a jury as a matter of

---

[1] It is not clear whether the court has authority to order jury trials for petty offenses. *See United States v. Cruscial*, No. 3:18-CR-00465-JR, 2019 WL 1087150, at *6 (D. Or. Mar. 7, 2019) ("assuming, without deciding, that a magistrate judge possesses such discretion"); *United States v. Camas*, No. 24-CR-00513-PHK-1, 2025 WL 1207542, at *6 (N.D. Cal. Apr. 25, 2025) (same).

**Response in Opposition to Defendant's Motion for Jury Trial**

discretion, Judge Russo observed that the government had followed the "fairly standard" practice of charging the Class C misdemeanors through an information rather than an indictment and that there were "no novel questions posed nor untested or stale legal theories" in the case. *Id.* at *7. "Indeed," Judge Russo explained, "as both parties surely recognize, federal misdemeanor citations issued to protestors are common." *Id.* The court also reasoned that there was "no significant risk of jail time and the amount of potential restitution sought does not convert these charges into more serious offenses." *Id.* "[P]ermitting a jury trial for a petty offense predominately based on the likelihood of local media attention is neither practicable nor consistent with notions of fundamental fairness." *Id.* at 6. Thus, Judge Russo concluded, "defendants have not shown that the facts of this case warrant divergence from the general rule providing for bench trials of petty offenses." *Id.*

Similarly, in *United States v. Camas*, No. 24-CR-00513-PHK-1, 2025 WL 1207542, at *6 (N.D. Cal. Apr. 25, 2025), a magistrate judge in the Northern District of California declined to order a jury trial as a matter of discretion because the case did not involve "highly unusual or unique circumstances." *Id.* at *7. The defendant in *Camas* had been charged with two counts of operating a vehicle while intoxicated under 36 C.F.R. § 4.23, and after finding that the charges were petty offenses, the court found no "unusual or unique circumstances that might warrant a discretionary jury trial." *Id.* at *7.

In contrast, cases where judges have exercised discretion to order jury trials for petty offenses involved facts that were highly unusual. *See United States v. Greenpeace, Inc.*, 314 F. Supp. 2d 1252, 1264 (S.D. Fla. 2004) (ordering a discretionary jury trial due to the "unusual" facts surrounding the indictment of a political advocacy organization for illegally boarding a

**Response in Opposition to Defendant's Motion for Jury Trial**
Page 7

vessel); *United States v. Rodriguez*, No. 1:10-CR-120-MHW, 2010 WL 11531202 (D. Idaho Oct. 15, 2010) (ordering a discretionary jury trial because of the "unique" circumstances, including Defendant being wounded and his passenger being killed in an officer-involved-shooting).

Here, the facts and posture of the case are indistinguishable from those in *Cruscial* or *Camas*. This is a misdemeanor case involving facts and legal questions that have arisen multiple times in this District. Defendant faces little to no jail time, minor fines, and no restitution. The Government here followed the standard practice of charging defendant via information, not indictment, and this case involves no extraordinary events. To be sure, the ICE building has generated public attention, and defendant was arrested several times while protesting there, but as Judge Russo correctly explained in *Cruscial* and again in *Pearl*, issuing misdemeanor charges to protestors is common and media interest is not a proper reason to diverge from the ordinary course of conducting bench trials for petty offenses. *Cruscial*, 2019 WL 1087150, at *6–7; *Pearl*, 2026 WL 353358, at *5.

In sum, the precedent in this District is clear: petty offenses are tried by the bench regardless of any media interest or political turmoil. The Court should follow that established precedent and decline to order a jury trial in this misdemeanor case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Response in Opposition to Defendant's Motion for Jury Trial**

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny defendant's motion for a jury trial.

Submitted this 6th day of March 2026.

                                Respectfully submitted,

                                SCOTT E. BRADFORD
                                United States Attorney

                                */s/ Nicole Hermann*
                                NICOLE M. HERMANN, OSB # 126353
                                Assistant United States Attorney